**BARSHAY SANDERS, PLLC**
100 Garden City Plaza, Suite 500
Garden City, New York 11530
Tel: (516) 203-7600
Fax: (516) 706-5055
Email: *ConsumerRights@BarshaySanders.com*
*Attorneys for Plaintiff*
Our File No.: 117644

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| Bernard Goldberger, individually and on behalf of all others similarly situated,<br><br>                              Plaintiff,<br><br>vs.<br><br>Midland Credit Management, Inc.,<br><br>                              Defendant. | Docket No:<br><br>**CLASS ACTION COMPLAINT**<br><br>JURY TRIAL DEMANDED |

Bernard Goldberger, individually and on behalf of all others similarly situated (hereinafter referred to as "*Plaintiff*"), by and through the undersigned counsel, complains, states and alleges against Midland Credit Management, Inc. (hereinafter referred to as "*Defendant*"), as follows:

**INTRODUCTION**

1.      This action seeks to recover for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (the "FDCPA").

**JURISDICTION AND VENUE**

2.      This Court has federal subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d).

1

3. Venue is proper under 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District.

4. At all relevant times, Defendant conducted business within the State of New York.

## PARTIES

5. Plaintiff Bernard Goldberger is an individual who is a citizen of the State of New York residing in Kings County, New York.

6. Plaintiff is a natural person allegedly obligated to pay a debt.

7. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

8. On information and belief, Defendant Midland Credit Management, Inc., is a California Corporation with a principal place of business in San Diego County, California.

9. Defendant regularly collects or attempts to collect debts asserted to be owed to others.

10. Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

11. The principal purpose of Defendant's business is the collection of such debts.

12. Defendant uses the mails in its debt collection business.

13. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## THE FDCPA

14. Congress enacted the FDCPA upon finding that debt collection abuse by third party debt collectors was a widespread and serious national problem. *See* S. Rep. No. 95-382, at 2 (1977), *reprinted in* U.S.C.C.A.N. 1695, 1696; 15 U.S.C § 1692(a).

15. The purpose of the FDCPA is to protect consumers from deceptive or harassing actions taken by debt collectors, with the aim of limiting the suffering and anguish often inflicted by independent debt collectors. *Kropelnicki v. Siegel*, 290 F.3d 118, 127 (2d Cir. 2002); *Russell v. Equifax A.R.S.*, 74 F.3d 30, 34 (2d Cir. 1996).

16. To further these ends, the FDCPA "establishes certain rights for consumers whose debts are placed in the hands of professional debt collectors for collection." *Vincent v. The Money Store*, 736 F.3d 88, 96 (2d Cir. 2013).

2

17. In order for consumers to vindicate their rights under the statute, the FDCPA "grants a private right of action to a consumer who receives a communication that violates the Act." *Jacobson v. Healthcare Fin. Servs., Inc.*, 516 F.3d 85, 91 (2d Cir. 2008).

18. Thus, "the FDCPA enlists the efforts of sophisticated consumers ... as 'private attorneys general' to aid their less sophisticated counterparts, who are unlikely themselves to bring suit under the Act, but who are assumed by the Act to benefit from the deterrent effect of civil actions brought by others." *Jacobson*, 516 F.3d at 91.

19. To this end, in determining whether a collection letter violates the FDCPA, courts in the Second Circuit utilize "the least sophisticated consumer" standard. *Jacobson*, 516 F.3d at 90. "The test is how the least sophisticated consumer—one not having the astuteness of a 'Philadelphia lawyer' or even the sophistication of the average, everyday, common consumer—understands the notice he or she receives. *Russell*, 74 F.3d at 34.

20. The least sophisticated consumer standard pays no attention to the circumstances of the particular debtor in question. *See Easterling v. Collecto, Inc.*, 692 F.3d 229, 234 (2d Cir. 2012). Specifically, it is not necessary for a consumer to show that he or she was confused by the communication received. *See Jacobson*, 516 F.3d at 91. Likewise, the consumer's actions in response to a collection letter are not determinative of the question of whether there has been a violation of the FDCPA. *Thomas v. Am. Serv. Fin. Corp.*, 966 F. Supp. 2d 82, 90 (E.D.N.Y. 2013).

21. Under the least sophisticated consumer standard, collection letters violate the FDCPA "if they are open to more than one reasonable interpretation, at least one of which is inaccurate." *Clomon v. Jackson*, 988 F.2d 1314, 1319 (2d Cir. 1993).

22. Moreover, a debt collector violates the FDCPA if its collection letter is "reasonably susceptible to an inaccurate reading" by the least sophisticated consumer. *DeSantis v. Computer Credit, Inc.*, 269 F.3d 159, 161 (2d Cir. 2001).

23. Similarly, a collection letter violates the FDCPA "if it would make the least sophisticated consumer uncertain as to his rights." *Jacobson*, 516 F.3d at 90.

24. To recover damages under the FDCPA, a consumer does not need to show intentional conduct on the part of the debt collector. *Ellis v. Solomon & Solomon, P.C.*, 591 F.3d 130, 135 (2d Cir. 2010). Rather, "[t]he FDCPA is a strict liability statute, and the degree of a defendant's culpability may only be considered in computing damages." *Bentley v. Great Lakes*

3

*Collection Bureau*, 6 F.3d 60, 63 (2d Cir. 1993). A single violation of the FDCPA to establish civil liability against the debt collector. *Id.*

## ALLEGATIONS

25. Defendant alleges Plaintiff owes a debt ("the alleged Debt").

26. The alleged Debt is an alleged obligation of Plaintiff to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes.

27. The alleged Debt does not arise from any business enterprise of Plaintiff.

28. The alleged Debt is a "debt" as defined by 15 U.S.C. § 1692a(5).

29. At an exact time known only to Defendant, the alleged Debt was assigned or otherwise transferred to Defendant for collection.

30. At the time the alleged Debt was assigned or otherwise transferred to Defendant for collection, the alleged Debt was in default.

31. In its efforts to collect the alleged Debt, Defendant contacted Plaintiff by letter ("the Letter") dated May 25, 2018, labelled as "PRE-LEGAL NOTIFICATION". (A true and accurate copy is annexed hereto as **"Exhibit 1"**).

32. In addition to the above mentioned letter, the Plaintiff received an additional initial communication letter with the validation notice, on the same date, labelled as "NOTICE OF NEW OWNERSHIP AND PRE-LEGAL REVIEW" ("Secondary Letter"). (A true and accurate copy is annexed hereto as **"Exhibit 2"**).

33. The Letters conveyed information regarding the alleged Debt.

34. The Letters are "communications" as defined by 15 U.S.C. § 1692a(2).

35. The Secondary Letter was the initial written communication Plaintiff received from Defendant concerning the alleged Debt.

## FIRST COUNT
### Violation of 15 U.S.C. §§ 1692e, 1692e(5) and 1692e(10)

36. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

37. 15 U.S.C. § 1692e prohibits a debt collector from using any false, deceptive, or

misleading representations or means in connection with the collection of any debt.

38. 15 U.S.C. § 1692e(5) specifically prohibits threatening "to take any action that cannot legally be taken or that is not intended to be taken."

39. 15 U.S.C. § 1692e(10) prohibits the "use of any false representation or deceptive means to collect or attempt to collect any debt."

40. The Letter is labelled as a "***PRE-LEGAL NOTIFICATION***"

41. The label is in a stylized and emphasized font, larger than the other text in the body of the letter.

42. Additionally, the Letter states: "If we don't hear from you or receive payment by **07-09-2018** (emphasis in original), we may proceed with forwarding this account to an attorney."

43. Defendant sent Plaintiff another letter on July 13, 2018, again threatening legal review and further stating, "Contact us by **08-12-2018** (emphasis in original) to resolve this account.

44. Defendant did not forward Plaintiff's account to an attorney, as stated in the Letter.

45. Defendant never intended to forward Plaintiff's account to an attorney, as stated in the Letter.

46. Defendant's conduct is a false, deceptive, and/or misleading representation or means in connection with the collection of a debt in violation of 15 U.S.C. § 1692e.

47. Defendant's conduct is a threat to take any action that is not intended to be taken, in violation of 15 U.S.C. § 1692e(5).

48. Defendant's conduct is the "use of any false representation or deceptive means to collect or attempt to collect any debt" in violation of 15 U.S.C. § 1692e(10).

49. For the foregoing reasons, Defendant violated 15 U.S.C. §§ 1692e 1692e(5), 1692e(10) and is liable to Plaintiff therefor.

## SECOND COUNT
### Violations of 15 U.S.C. §§ 1692g(b), 1692e and 1692e(10)

50. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

51. 15 U.S.C. § 1692g provides that within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing certain enumerated information.

52. 15 U.S.C. § 1692g(a)(1) provides that the written notice must contain the amount of the debt.

53. 15 U.S.C. § 1692g(a)(2) provides that the written notice must contain the name of the creditor to whom the debt is owed.

54. 15 U.S.C. § 1692g(a)(3) provides that the written notice must contain a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector.

55. 15 U.S.C. § 1692g(a)(4) provides that the written notice must contain a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector

56. 15 U.S.C. § 1692g(a)(5) provides that the written notice must contain a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

57. A debt collector has the obligation, not just to convey the required information, but also to convey such clearly.

58. Even if a debt collector conveys the required information accurately, the debt collector nonetheless violates the FDCPA if that information is overshadowed or contradicted by other language in the communication.

59. Even if a debt collector conveys the required information accurately, the debt collector nonetheless violates the FDCPA if that information is overshadowed by other collection activities during the 30-day validation period following the communication.

60. 15 U.S.C. § 1692g(b) provides that collection activities and communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor.

6

61. A collection activity or communication overshadows or contradicts the validation notice if it would make the least sophisticated consumer uncertain or confused as to his rights.

62. Threatening to take legal action without explaining that such threat does not override the consumer's right to dispute the debt is a violation of 15 U.S.C. § 1692g(b).

63. Threatening to take legal action without explaining that such threat does not override the consumer's right to request validation of the debt is a violation of 15 U.S.C. § 1692g(b).

64. Threatening to take legal action without explaining that such threat does not override the consumer's right to request the name and address of the original creditor is a violation of 15 U.S.C. § 1692g(b).

65. The Letter threatens legal action against Plaintiff.

66. The Letter provides: "MCM is now considering forwarding your account to an attorney in your state for possible litigation."

67. The Letter containing the legal threat is dated the same day, as the Secondary Letter containing the initial validation notice.

68. The Letter contains no statement pertaining to Plaintiff's rights following the legal threat.

69. The Letter fails to advise that the legal threat does not override the Plaintiff's right to dispute the alleged Debt provided for, in the validation notice within the Secondary Letter.

70. The Letter fails to advise that the legal threat does not override the Plaintiff's right to request validation of the alleged Debt provided for, in the validation notice within the Secondary Letter.

71. The Letter fails to advise that the legal threat does not override the Plaintiff's right to request the name and address of the original creditor provided for, in the validation notice within the Secondary Letter.

72. The least sophisticated consumer, upon reading legal threat, could reasonably interpret the Letter to mean that even if he exercises his validation rights provided for, in the validation notice within the Secondary Letter, he could nevertheless face the legal threat.

73. The least sophisticated consumer, upon reading legal threat, and in the absence of any further explanation, could reasonably interpret the Letter to mean that even if he disputes the validity of the alleged Debt provided for, in the validation notice within the Secondary Letter, he could face legal threat even during the verification process.

74. The Letter sets forth the legal threat in larger type-face than the rest of the writing on the Letter.

75. The Letter sets forth the legal threat in an emphasized manner with a bolded and indented margin on the left side.

76. The Secondary Letter sets forth the required validation notice, however the Letter threatens legal action by stating "MCM is now considering forwarding your account to an attorney in your state for possible litigation."

77. By threatening legal action through the Letter dated the same day as the Secondary Letter containing the validation rights, the Letter essentially erodes and overshadows the validation rights granted to the Plaintiff during the validation period, by such Secondary Letter.

78. As a result of the foregoing, the Letter would likely discourage the least sophisticated consumer from exercising his right to dispute the alleged Debt, provided for, in the validation notice within the Secondary Letter.

79. As a result of the foregoing, the Letter would likely discourage the least sophisticated consumer from exercising his right to request validation of the alleged Debt, provided for, in the validation notice within the Secondary Letter.

80. As a result of the foregoing, the legal threat would likely make the least sophisticated consumer confused as to his rights.

81. As a result of the foregoing, the legal threat would likely make the least sophisticated consumer uncertain as to his rights.

82. Defendant violated 15 U.S.C. § 1692g(b) as the legal threat overshadows the disclosure of the consumer's right to dispute the alleged Debt.

83. Defendant violated 15 U.S.C. § 1692g(b) as the legal threat overshadows the disclosure of the consumer's right to request validation of the alleged Debt.

84. Defendant violated 15 U.S.C. § 1692g(b) as the legal threat overshadows the disclosure of the consumer's right to request the name and address of the original creditor.

8

85. Defendant violated 15 U.S.C. § 1692g(b) as the legal threat is inconsistent with the disclosure of the consumer's right to dispute the alleged Debt.

86. Defendant violated 15 U.S.C. § 1692g(b) as the legal threat is inconsistent with the disclosure of the consumer's right to request validation of the alleged Debt.

87. Defendant violated 15 U.S.C. § 1692g(b) as the legal threat is inconsistent with the disclosure of the consumer's right to request the name and address of the original creditor.

88. 15 U.S.C. § 1692e prohibits a debt collector from using any false, deceptive, or misleading representation or means in connection with the collection of any debt.

89. 15 U.S.C. § 1692e(10) prohibits the use of any false representation or deceptive means to collect or attempt to collect any debt.

90. A debt collection practice can be a "false, deceptive, or misleading" practice in violation of 15 U.S.C. § 1692e even if it does not fall within any of the subsections of 15 U.S.C. § 1692e. *Clomon*, 988 F.2d at 1318.

91. A collection letter violates 15 U.S.C. § 1692e if, in the eyes of the least sophisticated consumer, it is open to more than one reasonable interpretation, at least one of which is inaccurate. *Clomon*, 988 F.2d at 1319.

92. A collection letter also violates 15 U.S.C. § 1692e if it is reasonably susceptible to an inaccurate reading by the least sophisticated consumer. *DeSantis*, 269 F.3d at 161.

93. The least sophisticated consumer could reasonably interpret the Letter to mean that even if he exercises his validation rights provided for, in the validation notice within the Secondary Letter, he could nevertheless face legal threat.

94. The least sophisticated consumer, upon reading legal threat, and in the absence of any further explanation, could reasonably interpret the Letter to mean that even if he disputes the validity of the alleged Debt provided for, in the validation notice within the Secondary Letter, he could face legal action even during the verification process.

95. Because the Letter is open to more than one reasonable interpretation it violates 15 U.S.C. § 1692e.

96. Because the Letter is reasonably susceptible to an inaccurate reading by the least sophisticated consumer it violates 15 U.S.C. § 1692e.

9

97. For the foregoing reasons, Defendant violated 15 U.S.C. §§ 1692g(b), 1692e and 1692e(10) and is liable to Plaintiff therefor.

## THIRD COUNT
### Violation of 15 U.S.C. §§ 1692e, 1692e(5) and 1692e(10)

98. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

99. 15 U.S.C. § 1692e prohibits a debt collector from using any false, deceptive, or misleading representations or means in connection with the collection of any debt.

100. 15 U.S.C. § 1692e(5) specifically prohibits threatening "to take any action that cannot legally be taken or that is not intended to be taken."

101. 15 U.S.C. § 1692e(10) prohibits the "use of any false representation or deceptive means to collect or attempt to collect any debt."

102. The Letter states, "(MCM) has made several attempts to contact you regarding the account."

103. This statement in the Letter is false and deceptive as the Defendant just sent Plaintiff the Secondary Letter on the same day as the date of the Letter, whereby it communicated the "NOTICE OF NEW OWNERSHIP" and validation rights, in such initial communication.

104. Defendant's conduct is a false, deceptive, and/or misleading representation or means in connection with the collection of a debt in violation of 15 U.S.C. § 1692e.

105. Defendant's conduct is a threat to take any action that is not intended to be taken, in violation of 15 U.S.C. § 1692e(5).

106. Defendant's conduct is the "use of any false representation or deceptive means to collect or attempt to collect any debt" in violation of 15 U.S.C. § 1692e(10).

107. For the foregoing reasons, Defendant violated 15 U.S.C. §§ 1692e 1692e(5), 1692e(10) and is liable to Plaintiff therefor.

## FOURTH COUNT
### Violations of 15 U.S.C. § 1692g(b)

108. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

109. 15 U.S.C. § 1692g provides that within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing certain enumerated information.

110. 15 U.S.C. § 1692g(a)(1) provides that the written notice must contain the amount of the debt.

111. 15 U.S.C. § 1692g(a)(2) provides that the written notice must contain the name of the creditor to whom the debt is owed.

112. 15 U.S.C. § 1692g(a)(3) provides that the written notice must contain a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector.

113. 15 U.S.C. § 1692g(a)(4) provides that the written notice must contain a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector

114. 15 U.S.C. § 1692g(a)(5) provides that the written notice must contain a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

115. A debt collector has the obligation, not just to convey the required information, but also to convey such clearly.

116. Even if a debt collector conveys the required information accurately, the debt collector nonetheless violates the FDCPA if that information is overshadowed or contradicted by other language in the communication.

117. Even if a debt collector conveys the required information accurately, the debt collector nonetheless violates the FDCPA if that information is overshadowed by other collection activities during the 30-day validation period following the communication.

118. 15 U.S.C. § 1692g(b) provides that collection activities and communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor.

11

119. A collection activity or communication overshadows or contradicts the validation notice if it would make the least sophisticated consumer uncertain or confused as to his rights.

120. The Letter states, "(MCM) has made several attempts to contact you regarding the account."

121. 15 U.S.C. § 1692g requires that the debt collector, within five days after the initial communication with a consumer in connection with the collection of any debt, shall, unless the information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing certain enumerated information.

122. The debt collector, if it did make the phone calls or left any voicemails to the Plaintiff, was required to send the thirty (30) day validation notice, within five (5) days of those communications.

123. For the foregoing reasons, Defendant violated 15 U.S.C. §§ 1692g and is liable to Plaintiff therefor.

## CLASS ALLEGATIONS

124. Plaintiff brings this action individually and as a class action on behalf of all persons similarly situated in the State of New York.

125. Plaintiff seeks to certify a class of:

> All consumers to whom Defendant sent a collection letter substantially and materially similar to the letter sent to Plaintiff, which letter was sent on or after a date one year prior to the filing of this action to the present.

126. This action seeks a finding that Defendant's conduct violates the FDCPA, and asks that the Court award damages as authorized by 15 U.S.C. § 1692k.

127. The Class consists of more than thirty-five persons.

128. Plaintiff's claims are typical of the claims of the Class. Common questions of law or fact raised by this action affect all members of the Class and predominate over any individual issues. Common relief is therefore sought on behalf of all members of the Class. A class action is superior to other available methods for the fair and efficient adjudication of this controversy.

129. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to the individual members of the Class, and a risk that any adjudications with respect to individual members of the Class would, as

a practical matter, either be dispositive of the interests of other members of the Class not party to the adjudication, or substantially impair or impede their ability to protect their interests. Defendant has acted in a manner applicable to the Class as a whole such that declaratory relief is warranted.

130.  Plaintiff will fairly and adequately protect and represent the interests of the Class. The management of the class is not extraordinarily difficult, and the factual and legal issues raised by this action will not require extended contact with the members of the Class, because Defendant's conduct was perpetrated on all members of the Class and will be established by common proof.  Moreover, Plaintiff has retained counsel experienced in actions brought under consumer protection laws.

## JURY DEMAND

131.  Plaintiff hereby demands a trial of this action by jury.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully requests judgment be entered:

a.  Certifying this action as a class action; and

b.  Appointing Plaintiff as Class Representative and Plaintiff's attorneys as Class Counsel;

c.  Finding Defendant's actions violate the FDCPA; and

d.  Granting damages against Defendant pursuant to 15 U.S.C. § 1692k; and

e.  Granting Plaintiff's attorneys' fees pursuant to 15 U.S.C. § 1692k; and

f.  Granting Plaintiff's costs; all together with

g.  Such other relief that the Court determines is just and proper.

DATED: May 28, 2019

                                     **BARSHAY SANDERS, PLLC**

                                     By: _/s/ *Craig B. Sanders*
                                     Craig B. Sanders, Esquire
                                     100 Garden City Plaza, Suite 500
                                     Garden City, New York 11530
                                     Tel: (516) 203-7600
                                     Fax: (516) 706-5055
                                     csanders@barshaysanders.com
                                     *Attorneys for Plaintiff*
                                     Our File No.: 117644



14